# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| RUBEN JONES, | : |
| | : |
| Plaintiff, | : Civ. No. 17-1949 (FLW) (LHG) |
| | : |
| v. | : |
| | : **MEMORANDUM OPINION** |
| STEVEN PALONI et al., | : |
| | : |
| Defendants. | : |

_____ :

**FREDA L. WOLFSON, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Ruben Jones ("Jones" or "Plaintiff"), is a state prisoner presently incarcerated at Northern State Prison, in Newark, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed under 42 U.S.C. § 1983.  After granting Jones leave to proceed *in forma pauperis*, the Court previously dismissed his Complaint upon screening for failure to state a claim upon which relief could be granted.  (ECF Nos. 3 & 4.)  Jones subsequently submitted an Amended Complaint, and the Court now screens that pleading under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons, the Amended Complaint is again dismissed.

## II.    BACKGROUND

In the original Complaint, Jones alleged claims for inadequate medical treatment against defendants St. Francis Medical Center ("St. Francis"), Steven Paloni, M.D. ("Paloni"), Helmi Saud Do, M.D. ("Saud Do"), and Scott D. Miller, M.D. ("Miller").  (Compl., ECF No. 1.)  He

alleged that, after undergoing knee surgery involving Miller and Paloni in November 2006, he experienced "excruciating pain and swelling in his knee and ankle." (*Id.* ¶¶ 12–20.) Jones recounted that he returned to St. Francis in December 2006, where Saud Do ordered an ultrasound scan of Jones's right leg and foot, which did not reveal any problems. (*Id.* ¶¶ 21–22.) Jones alleged that he continued to suffer excruciating pain, and that, in February 2014, an x-ray taken at a podiatry clinic revealed a metal object in his right foot. (*Id.* ¶¶ 23–25.) He returned to St. Francis to have the object removed on June 6, 2014. (*Id.* ¶ 26.)

The Court dismissed the Complaint upon an initial screening, finding that the claims were untimely and, in any case, that Jones had failed to allege facts showing that Defendants had acted with deliberate indifference. (ECF Nos. 3 & 4.) Specifically, I found that, even applying the discovery rule to toll accrual of the claim until February 2014, when Jones learned of the object in his foot, he still filed his Complaint over a year after the two-year limitations period had expired. (ECF No. 3 at 6.) I noted that Jones had not made any allegations in support of statutory or equitable tolling. (*Id.* at 6–8.) I additionally concluded that, even had the Complaint been timely filed, its factual allegations supported, at most, a finding of medical negligence, not deliberate indifference. (*Id.* at 8–10.)

In dismissing the Complaint without prejudice, I granted Jones leave to file an Amended Complaint in an attempt to cure the identified deficiencies. (*Id.* at 10–11; ECF No. 4.) Jones thereafter filed an Amended Complaint, (ECF No. 7), and the Court now screens that pleading.

## III.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress

against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c).  The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive the Court's screening, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed.  *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017).  Nevertheless, "pro se

litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

## IV. ANALYSIS

An examination of the Amended Complaint reveals that Jones has failed to cure the defects that led to the dismissal of the original Complaint. With regards to timeliness, Jones now alleges that unidentified medical staff "did not inform Plaintiff that the metallic foreign body was the result of any medical error performed before and/or during his surgery" until it was removed on June 6, 2014. (ECF No. 7 ¶¶ 17–18.) Even if the discovery rule operated to toll the accrual of Jones's claim until that date, however, the applicable, two-year limitations period would still have expired on June 6, 2016, more than nine months before Jones filed his initial Complaint.[1] *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).

---

[1] Even if Jones were not affirmatively told until June 6, 2014, that the object removed from his foot was left there during his 2006 surgery, there would still be a question of whether Jones should have been on inquiry notice of that possibility as soon as he became aware of the presence of that metallic object in February 2014. Pursuant to the "discovery rule," accrual and the running of the limitations period may be delayed until "the plaintiff discovers *or should have discovered with 'due diligence'* that his rights had been violated." *Brownstein v. Lindsay*, 742 F.3d 55, 70 (3d Cir. 2014) (emphasis added); *see also William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (examining whether plaintiff "had sufficient information of possible wrongdoing to place it on inquiry notice or to excite storm warnings of culpable activity." (internal quotation marks and alteration omitted)).

Jones adds an allegation that, due to being moved between prisons, he was deprived of personal property including medical records and legal documents from October 2015 until July 2016. (ECF No. 7 ¶¶ 22–24.) The Court construes this as an argument in favor of equitable tolling. Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie St. Police Dep't,* Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State,* 347 N.J. Super. 11, 31 (Super. Ct. App. Div. 2002)). Clearly, this is not an allegation that Jones was tricked into allowing the limitations period to elapse or that he inadvertently filed a pleading in the wrong court. I find that this alleged deprivation of documents also does not amount to extraordinary circumstances *preventing* Jones from filing a Complaint. He provides no explanation of why possession of these documents was crucial for doing so. Even if the temporary loss of his medical records had deprived him of the exact dates of events or the names of the specific defendants he wished to sue, this does not suffice to explain an eight-month delay in filing the complaint after he recovered his files.

Furthermore, the Amended Complaint still fails to adequately plead that Defendants violated Jones's constitutional rights. As I noted in the initial screening, a finding of deliberate indifference to a medical need requires demonstrating that the defendant medical provider had the requisite state of mind, i.e., knowledge of a serious medical risk and disregard for that risk. *See Parkell v. Danberg*, 833 F.3d 313, 335, 337 (3d Cir. 2016); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986)

(finding that an Eighth Amendment violation requires a showing of "obduracy and wantonness"); *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (equating deliberate indifference with at least "reckless[] disregard [for] a substantial risk of serious harm."). As in the original Complaint, Jones does not suggest that either Miller or Paloni left a metallic object in his foot deliberately. (*See* ECF No. 7 ¶¶ 11–12.) As to Saud Do, Jones alleges that, when he sought help regarding the pain in his leg, Saud Do ordered an ultrasound and that "[t]he ultrasound results revealed 'No evidence of deep venous thrombasis [sic] in the common femoral, superficial femoral or popliteal veins of the right lower extremity.'" He claims that, "[a]lthough Saud Do and/or John/Jane Doe were aware of both the ultrasound results and Plaintiff's on-going pain and discomfort, further treatment had been delayed." (*Id.* ¶ 15.) As I found in the initial screening, Saud Do's decision to order an ultrasound which revealed no problem with Jones's leg does not amount to deliberate indifference. There is no allegation that Saud Do in fact knew of the metallic object in Mr. Jones's foot and deliberately ignored it. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 535–36 (3d Cir. 2017) (noting that the state-of-mind inquiry on a deliberate indifference claim is a subjective standard).

Jones newly seeks to allege claims for unconstitutional policies or customs against University Correctional Health Care, University of Medicine and Dentistry, and various John Doe defendants. (ECF No. 7 ¶¶ 25–26.) Under such theories of supervisory liability, a person who has final policy-making authority may be liable under § 1983 if that person established a policy or custom that is unconstitutional and that injures the plaintiff. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015); *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). Jones has not, however, alleged any particular policy that supposedly harmed him, nor

has he pleaded an underlying constitutional injury that a policy or custom could have caused. (*See* ECF No. 7.)

The factual allegations in the Amended Complaint, like those in the original Complaint, suggest, at most, a claim for medical negligence under state law. The only potential basis for jurisdiction over such state-law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all federal claims over which it had original jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Here, as I have rejected Plaintiff's attempts at pleading a federal claim, I decline to exercise supplemental jurisdiction over any potential medical-negligence claim under state law.

## V. CONCLUSION

For the foregoing reasons, the Amended Complaint, (ECF No. 7), is dismissed. Any state law claims should be asserted in the state forum. An accompanying Order shall follow.


DATED: February 7, 2019                         /s/ Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge